SIDNEY E. SINCLAIR, Appellee, v. L. R. JACOBS, Appellant, et al.

**APPEAL AND ERROR:** Scope of Review—Liability of Indorser. When the corporate maker of a note does not appeal from the judgment against it, and the indorser admits the genuineness of his indorsement, the court will not, on appeal by the indorser, review the judgment against the maker on the point that the maker was not properly identified.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

OCTOBER 18, 1918.

ACTION at law upon a promissory note upon which the defendant Jacobs is an alleged endorser. Judgment for the plaintiff upon a directed verdict, and the defendant Jacobs appeals.—*Affirmed.*

*Herrick & Reed,* for appellant.

*Dawley, Jordan & Dawley,* for appellee.

WEAVER, J.—The note sued upon is in the following form:

"$5,000.00        Cedar Rapids, Iowa, April 9, 1916.

"Six months after date, for value received, we promise to pay Sydney E. Sinclair five thousand ($5,-000.00) and no hundredths dollars, payable at Cedar Rapids, Iowa, with discount at the rate of 8 per cent per annum from April 9, discount payable in advance.

"If any part of the principal or interest of this note is not paid when due, the overdue amount shall bear interest at the rate of 8 per cent per annum after maturity, payable annually. If suit is brought to collect this note, we agree to pay a reasonable attorney's fee.

"Reliance Refining Co.

"By J. C. Wendel.

"Endorsed by J. C. Wendel, E. R. Frank, L. R. Jacobs, Andreas Frank."

To this action, the "Reliance Refining Company" and the several endorsers appeared; and, on motion of the defendant Jacobs, plaintiff made his petition more specific, by stating that the "Reliance Refining Company," sought to be charged, was an Iowa corporation. Each of the several defendants then filed a separate answer, simply denying each and every allegation of the petition. None of the answers were verified. On proceeding to trial, plaintiff, as a witness, produced and identified the note, and it was introduced in evidence, over Jacobs' objection that there had been no sufficient identification of the instrument as the note of the defendant company, or of its endorsement by Jacobs. Plaintiff having rested upon this

showing, Jacobs moved for a directed verdict on the grounds stated; and the motion was overruled. Thereupon, defendant called to the stand several witnesses, to whom numerous questions were put, the apparent purpose of which—though not so stated—was to show that the note sued upon was not the note of the Reliance Refining Company of Iowa, but of the Reliance Refining Company of Illinois. All the offered testimony was ruled out. Jacobs, as a witness in his own behalf, said, among other things:

"I have examined this note. That is my name, L. R. Jacobs."

The foregoing is all the material evidence allowed to go to the jury. When the parties had rested, plaintiff's motion for a directed verdict was sustained, and judgment entered accordingly. The defendant Jacobs alone has appealed.

Appellant plants his demand for a reversal entirely upon the proposition that, though the genuineness of the signatures was not denied under oath, as provided in Code Section 3640, defendants were still entitled, under their general denial of the petition, to assume the burden, and prove the fact that the signatures were not genuine. This proposition has been made the subject of elaborate argument by counsel on either side, who have industriously arrayed the prior decisions of the court upon the subject, each finding rulings which they criticize and precedents which they think to be unsound. It is possible there may be some confusion and a measure of inconsistency in the cases, but if so, there appears to be no occasion at this time to attempt to rectify it; for, under the record as made, it appears to us that the defendant, who alone appeals, is in no position to raise or take advantage of the objection. The refining company, which was sued and appeared and answered, and against which, as we assume,

judgment was entered, has not appealed. Its liability is, therefore, settled, and we cannot properly review the record upon which the recovery against it was had. The appellant Jacobs, as a witness, conceded the genuineness of his endorsement; and, such being the case, the fact as to whether the maker of the note was the Reliance Refining Company of Iowa, or its twin or counterpart in Illinois, is wholly immaterial.

There is no prejudicial error in the record, and the judgment of the district court is—*Affirmed*.

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.